24  379
28   47

[No. 3840.]

McCOACH ET AL. v. WHIPPLE.

1. ELECTIONS.
A political convention for a judicial district met in 1894, and T. was chosen chairman of the judicial district committee. By reason of the addition of another judge to the district by the legislature a convention of the party was held in 1895 and selected a new committee for the district. By the selection of the new committee, T. ceased to be a member of the committee, and a convention called by him was not the legal convention of the party. A convention called by the new committee, recognized and authorized by the state central committee of the party, represented the party, and its nominee was the legal nominee of the party.

*Review from the District Court of Arapahoe County.*

Mr. GREELEY WHITFORD, Messrs. GOUDY & TWITCHELL and Mr. C. H. REDMOND, for petitioners.

Messrs. WELLS, TAYLOR & TAYLOR, for respondent.

PER CURIAM. This is a proceeding to determine the right to the name and emblem of the People's party, as between George C. Berlin and J. Maurice Finn, as nominees for district attorney in the fourth judicial district. The facts out of which the controversy arose are in brief as follows:

One C. E. Trowbridge, assuming to act as chairman of the district committee of the People's party in and for the fourth judicial district, called a convention to meet at Victor, on the 21, day of September, 1897, for the purpose of nominating a candidate for the office of district attorney of that district. In pursuance of this call a convention was held at Victor on September 22, and placed in nomination one John M. Johnson as its candidate for said office; and

adopted the name and emblem of said People's party. Thereafter Johnson resigned as such nominee, and a committee appointed by the convention to fill vacancies substituted the name of J. Maurice Finn in his stead; and on September 25, 1897, certified his name to the secretary of state as the nominee for district attorney of the People's party of the fourth judicial district. On September 28, 1897, the petitioner, John McCoach, who claims to be the duly appointed and acting district committeeman in and for the county of El Paso, filed with the secretary of state a protest against the certification of the nomination of Finn under the name and emblem aforesaid; and on that day called another convention to meet at Colorado Springs on September 30. This convention met at the time and place designated, and nominated George C. Berlin for the office of district attorney in and for said judicial district, and adopted the name and emblem of the People's party, and duly certified such nomination to the secretary of state. It appears from the record that Trowbridge was the chairman of the judicial committee for the fourth judicial district in 1894. By reason of the change in 1895 providing for an additional judge in that district, a convention was held in that year to nominate a district judge; and this convention appointed a new district committee consisting of Mr. McCoach as committeeman in and for El Paso county, Mr. Bennett of Kit Carson county, and the chairmen of the respective central committees of the other counties in the district. It does not appear who was elected chairman of the new committee.

On September 29 the state central committee of the People's party authorized and directed Mr. McCoach, as the district committeeman in and for El Paso county, to call a convention for the purpose of nominating a candidate for district attorney in said judicial district on behalf of said People's party; and to do all acts necessary to protect the People's party in the use of its name and emblem. It therefore appears that Mr. Trowbridge ceased to be a member of the district committee in 1895, and that Mr. McCoach was

the duly appointed and acting district committeeman for the People's party in and for El Paso county since that time.

We think, under these circumstances, the court below correctly held that the latter convention was the legally called convention, and that its nominee is the nominee of the People's party for that district; and its judgment is accordingly affirmed.

*Affirmed.*